UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLA M. BRUEMMER et al.,

    Plaintiffs,

                                            File No. 1:11-CV-988

v.

                                            HON. ROBERT HOLMES BELL

MICHAEL REARDON, et al.,

    Defendants.
                                                       /

## O P I N I O N

Plaintiffs Marla M. Bruemmer and Design Evolutions, Inc. filed this copyright infringement action against Defendants Michael Reardon, Laurie Reardon, Tom Scott, and Don Chapman. Defendants Scott and Chapman have filed a counterclaim alleging abuse of process. This matter is before the Court on Plaintiffs/Counter-Defendants' motion for summary judgment seeking dismissal of Defendants' counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim (Dkt. No. 23) and on Plaintiffs' motion for sanctions pursuant to Fed. R. Civ. P. 11 (Dkt. No. 25).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). In reviewing the motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of

the plaintiff," but "need not accept as true legal conclusions or unwarranted factual inferences." *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)).

A claim of abuse of process under Michigan law has two essential elements: "(1) an ulterior purpose and (2) an act in the use of process which is improper in the regular prosecution of the proceeding." *Friedman v. Dozorc*, 412 Mich. 1, 30, 312 N.W.2d 585, 594 (Mich., 1981) (citing *Spear v. Pendill*, 164 Mich. 620, 623, 130 N.W. 343 (1911)).

In support of their abuse of process claim, Defendants Scott and Chapman make the following allegations:

> 27. Counter-Defendants have abused the complaint process in a wrongful and unlawful manner by making false allegations in their pleadings.
>
> 28. Counter-Defendants knowingly filed misleading statements without any knowledge as to the nature of their truth regarding Counter-Plaintiff, Chapman's, Design. Further, Counter-Defendants have no evidence that Counter-Plaintiff, Chapman's Design is even arguably similar enough to counter-Defendant's Sketch to constitute a violation of any alleged copyright she may hold.

(Dkt. No. 20, Countercl. ¶¶ 27, 28.)

Plaintiffs contend that they are entitled to dismissal of the counterclaim because the mere filing of a complaint, even a complaint containing false allegations, is not sufficient to state a claim for abuse of process.

The gravamen of the tort of abuse of process "is the misuse of process . . . for any purpose other than that which it was designed to accomplish." *Moore v. Michigan Nat'l*

2

*Bank*, 368 Mich. 71, 75; 117 NW2d 105 (1962) (quoting 3 Restatement Torts, § 682); *see also Rowbotham v. DAIIE*, 69 Mich. App 142, 146, 244 NW2d 389 (1976) ("[T]he tort concerns the willful use of a valid process to obtain a result the law did not intend."). "The tort generally consists of 'some form of extortion,' whereby the process is used 'to put pressure upon the other to compel him to pay a different debt or to take some other action or refrain from it.'" *Spencer v. Armstrong*, No. 245429, 2004 WL 1227657, at * 1 (Mich. Ct. App. June 3, 2004) (quoting 3 Restatement Torts, 2d, § 682, p 475).

It is well-settled that an action for abuse of process lies for "the improper use of process after it has been issued, not for maliciously causing it to issue." *Friedman*, 412 Mich. at 30 (quoting *Spear*, 164 Mich. at 623); *see also DirecTV, Inc. v. Zink*, 286 F. Supp. 2d 873, 875 (E.D. Mich. 2003) ("[T]he abuse of process tort in Michigan law addresses subsequent misconduct or abuse of proceedings, which occurs after the process has been initiated.). "[T]he filing of a lawsuit is not an 'irregular act in the use of process' because 'a summons and complaint are properly employed when used to institute a civil action.'" *Yoost v. Caspari*, — N.W.2d —, 2011 WL 4204505 (Mich. Ct. App. Sept. 15, 2011) (quoting *Friedman*, 412 Mich. at 31). "A claim asserting nothing more than an improper motive in properly obtaining process does not successfully plead an abuse of process." *Dalley v. Dykema Gossett*, 287 Mich. App. 296, 322, 788 N.W.2d 679, 695 (2010) (citing *Young v. Motor City Apts. Ltd. Dividend Housing Ass'n No. 1 & No. 2*, 133 Mich.App. 671, 681, 350 N.W.2d 790 (1984)). Even a claim that there was no factual basis for the complaint is not

sufficient to state an abuse of process claim. *Dalley*, 287 Mich. App. at 322.

Defendants contend that Plaintiffs filed this action in retaliation for Defendants' failure to use Plaintiffs' builder and out of envy that Defendants' home was listed on the Parade of Homes. Defendants' allegations are not sufficient to state a claim for abuse of process. Defendants have merely alleged the malicious initiation of a suit. They have not alleged the misuse of process for in improper purpose. Accordingly, Plaintiffs' motion to dismiss Defendants' counterclaim will be granted.

Plaintiffs have also filed a motion for sanctions pursuant to Fed. R. Civ. P. 11. They contend that Defendants' counterclaim for abuse of process is not warranted by existing law or by a non-frivolous argument for extending, modifying or reversing existing law. (Dkt. No. 25, Mot. for Sanctions). Plaintiffs have presented evidence that, although they gave notice of the pleading defect, Defendants failed to withdraw their counterclaim.

Plaintiffs' motion does not comply with the requirements of Rule 11. Rule 11 specifies that a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). This provision, known as the "safe harbor" provision, is an absolute requirement. *Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997). *See also First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002) ("Rule 11 is unavailable where the moving party fails to serve a timely 'safe

harbor' letter."). Plaintiffs sent Defendants a letter, but they did not serve a copy of their motion on Defendants 21 days prior to filing it. Accordingly, their motion for sanctions will be denied. In addition, the Court notes that although it may, on its own initiative, order an attorney or party to show cause why specified conduct does not violate Rule 11, *see* Fed. R. Civ. P. 11(c)(3), the Court declines to do so in this case.

An order consistent with this opinion will be entered.


Dated: January 9, 2012                                     /s/ Robert Holmes Bell
                                                           ROBERT HOLMES BELL
                                                           UNITED STATES DISTRICT JUDGE