# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

MARLA M. BRUEMMER and
DESIGN EVOLUTIONS, INC.,

                Plaintiffs,

vs.

MICHAEL and LAURIE REARDON,
TOM SCOTT d/b/a T.A. SCOTT
CONSTRUCTION, INC. and
DON CHAPMAN,

                Defendants.

Case No. 1:11-cv-988

Hon. Robert Holmes Bell

---

Christopher D. Morris (P36292)
Michael D. O'Connor (P18407)
Lennon, Miller, O'Connor &
  Bartosiewicz, P.L.C.
Attorneys for Plaintiffs
151 S. Rose Street, Suite 900
Kalamazoo, MI 49007
Telephone: (269) 381-8844

James R. Durant (P26420)
J.R. Durant & Associates, P.C.
Attorneys for Defendants
Michael & Laurie Reardon
8051 Moorsbridge Road
Portage, MI 49024
Telephone: (269) 323-3400

Shaun Patrick Willis (P62441)
Willis Law
Attorney for Defendants
T.A. Scott, Tom Scott &
Donald Chapman
491 W. South Street
Kalamazoo, MI 49007
Telephone: (616) 301-7177

---

# DEFENDANTS' MOTION AND BRIEF IN SUPPORT OF
## SUMMARY JUDGMENT

Willis Law
TORNEYS & COUNSELORS

491 WEST SOUTH STREET
.LAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

## TABLE OF CONTENTS

Table of Contents ……………………………………………………………….i

Table of Authorities …………………………………………………………….ii

Motion for Summary Judgment …………………………………………………1

Brief in Support …………………………………………………………………3

Statement of Issues Presented..………………………………………………….4

I. Summary of Movants' Position ………………………………………..………4

II. Factual Background …………………………………………………………...4

III. Standard of Review ……………………………………………………..……6

IV. Law and Argument …………………………………………………………....7

   A. Heightened Pleading Requirement …………………………………….7

   B. Plaintiffs' Lack of Originality ………………………………………...9

   C. Not Substantially Similar …………………………………………….14

V. Conclusion ……………………………………………………………….20

**Addenda:**

| | |
|---|---|
| Exhibit 1 | Affidavit of Donald Lloyd Chapman |
| Exhibit 1(A) | 2005 Prelim of Reardon home by Don Chapman |
| Exhibit 1(B) | 2008 Parade Home by Don Chapman |
| Exhibit 1(C) | Design Evolutions Advertisement (showing Chapman's design) |
| Exhibit 1(D) | Elevation Comparisons (Bruemmer v. Chapman) |
| Exhibit 1(E) | Rear Elevation Comparisons (Bruemmer v. Chapman) |
| Exhibit 1(F) | Square Footage Comparison (Bruemmer v. Chapman) |
| Exhibit 1(G) | Graphical Comparison (Bruemmer v. Chapman) |
| Exhibit 2 | Affidavit of Lee Martin, AIA and forensic architect |
| Exhibit 3 | Affidavit of Richard B. Cook, FAIA |

**Willis Law**
TORNEYS & COUNSELORS

491 WEST SOUTH STREET
LAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

i

# TABLE OF AUTHORITIES

**CASES:**

*Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. and Consulting, Inc.*
299 F. App'x 509, (6th Cir. 2008)..........................................................1,4,8,20

*Mihalek Corporation v. State of Michigan*, 630 F. Supp. 9 (1985) .................4,14,18

*Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ...................7

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .........................................7

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .................................................7

*Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993) .......................7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .............................................8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .........................................................8

*Feist Publ'ns, Inc. v. Rural Tel. Servs. Co.*, 499 U.S. 340 (1991) ..........................9

*Kohus v. Mariol*, 328 F.3d 848, 854 (6th Cir. 2003) ....................................10, 14

*Murray Hill Pubs. v. Twentieth Century Fox*, 361 F.3d 312 (6th Cir. 2004) ..........11,13

**STATUTES & RULES**

Fed. R. Civ. P. 56 ..........................................................................3,6, 20

Fed. R. Civ. P. 8(a)(2).......................................................................8



**Willis Law**
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

NOW COME Defendants, Tom Scott d/b/a T.A. Scott Construction, Inc. (hereinafter "T.A. Scott") and Don Chapman (hereinafter "Chapman") or collectively referred to as "Defendants" by and through their counsel, Willis Law, and for their Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56 for state the following:

1. On or about September 16, 2011, Plaintiffs Marla M. Bruemmer and Design Evolutions, Inc. (hereinafter "Plaintiffs") filed this lawsuit for Defendants' alleged copyright infringement.

2. Plaintiffs have not described the manner in which Defendants' work infringed upon Plaintiffs' design in order to adequately give Defendants notice of the claim against them as required by *Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. and Consulting, Inc.* 299 F. App'x 509, 512 (6th Cir. 2008).

3. Plaintiffs have shown neither direct evidence of copying nor that Defendants work is substantially similar to Plaintiffs' protected work as required in order to bring a copyright infringement claim.

4. Plaintiffs cannot show direct evidence of copying or substantial similarity because, even though Defendants had access to Plaintiffs' work, Plaintiffs' work product was unbuildable; therefore, Chapman not only wanted to create a new and independent work, he actually *had* to because Plaintiffs' work product was unbuildable. Additionally, the homeowners demanded a new original design by Chapman.

5. Pursuant to local rule 7.1(d), Defendants' counsel has communicated with Plaintiffs' counsel as to the nature of this motion. Plaintiffs do not consent to the entry

**Willis Law**

TORNEYS & COUNSELORS

491 WEST SOUTH STREET
LAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 501-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

1

of summary judgment

6. A Brief in Support of this Motion is on file and incorporated by reference.

**WHEREFORE, DEFENDANTS, TOM SCOTT D/B/A T.A. SCOTT CONSTRUCTION, INC., AND DON CHAPMAN, RESPECTFULLY REQUEST** that this Honorable Court grant Defendants Motion for Summary Judgment, dismiss Plaintiffs' claims, and grant Defendants their costs and attorney fees incurred in having to defend this lawsuit.

**Respectfully submitted,**

**WILLIS LAW**

DATED: 5/24/12

_____/s/ Shaun Patrick Willis_____
Shaun Patrick Willis (P62441)
Attorney for Defendants T.A. Scott
Tom Scott and Don Chapman
491 W. South Street
Kalamazoo, MI 49007
269-492-1040



TORNEYS & COUNSELORS

491 WEST SOUTH STREET
LAMAZOO, MICHIGAN 49017
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

MARLA M. BRUEMMER and
DESIGN EVOLUTIONS, INC.,

                Plaintiffs,

vs.

MICHAEL and LAURIE REARDON,
TOM SCOTT d/b/a T.A. SCOTT
CONSTRUCTION, INC. and
DON CHAPMAN,

                Defendants.

Case No. 1:11-cv-988

Hon. Robert Holmes Bell

---

Christopher D. Morris (P36292)
Michael D. O'Connor (P18407)
Lennon, Miller, O'Connor &
  Bartosiewicz, P.L.C.
Attorneys for Plaintiffs
151 S. Rose Street, Suite 900
Kalamazoo, MI 49007
Telephone: (269) 381-8844

James R. Durant (P26420)
J.R. Durant & Associates, P.C.
Attorneys for Defendants
Michael & Laurie Reardon
8051 Moorsbridge Road
Portage, MI 49024
Telephone: (269) 323-3400

Shaun Patrick Willis (P62441)
Willis Law
Attorney for Defendants
T.A. Scott, Tom Scott &
Donald Chapman
491 W. South Street
Kalamazoo, MI 49007
Telephone: (616) 301-7177

---

## DEFENDANTS' BRIEF IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

**Willis Law**
TORNEYS & COUNSELORS

491 WEST SOUTH STREET
LAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

      NOW COME Defendants, Tom Scott d/b/a T.A. Scott Construction, Inc. (hereinafter "T.A. Scott") and Don Chapman (hereinafter "Chapman") or collectively referred to as "Defendants" by and through their counsel, Willis Law, and for their Brief in Support of Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56 state the

following:

## STATEMENT OF ISSUES PRESENTED

1. Whether Plaintiffs, Marla M. Bruemmer and Design Evolutions, Inc. have pleaded with sufficient particularity to establish a claim of copyright infringement and give Defendants notice of the claim against them.

2. Whether Plaintiffs' design was actually just a derivative of Defendants' Kalamazoo Parade of Homes designs and whether Plaintiffs' design contains any original copyrightable elements.

3. Whether Defendants' design was substantially similar to Plaintiffs' design.

## I. SUMMARY OF MOVANTS' POSITION

1. Plaintiffs have not pleaded with sufficient particularity to establish a claim of copyright infringement and put Defendants on sufficient notice of "plausible grounds" as required by *Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. and Consulting, Inc.*, 299 F. App'x 509, 512 (6th Cir. 2008).

2. Plaintiffs' design does not contain any original copyrightable elements and is a derivative of Defendants' previous designs that were first-in-time.

3. A side-by-side comparison, along with expert testimony provided herein, will make readily apparent to the fact finder that Defendants' design is not substantially similar to Plaintiffs' design pursuant to *Mihalek Corporation v. State of Michigan*, 630 F. Supp. 9.

## II. FACTUAL BACKGROUND

In 2005, Defendant, Chapman, designed the primary residence that Defendants,

**Willis Law**
TORNEYS & COUNSELORS

491 WEST SOUTH STREET
LAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 618-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

4

Michael and Laurie Reardon, had custom built. Defendant, T.A. Scott, built the Reardons' 2005 residence based on the original design by Chapman. During this period, all of the Defendants maintained a good working relationship and the home was completed to the Reardons' satisfaction.

In early 2010, the Reardons began discussing the potential remodel of their lake cottage located at 9046 East Shore Drive, Portage, MI 49002 with various designers and architects. One of the possible designs was created by architect Michael Dunne. Upon information and belief, Plaintiff, Marla Bruemmer, was also engaged by the Reardons and utilized Michael Dunne's design to create her sketches.

Because of the difficulty working with Ms. Bruemmer and the prior positive history the Reardons had with Defendants, Chapman and T.A. Scott, the Reardons decided to get a design and construction quote from Defendants. During the initial meeting in October of 2010, Chapman was shown Plaintiffs' sketches. Chapman was told that these sketches were based on other sketches done by Michael Dunne and that the Reardons were not under any further contractual obligations with either Mr. Dunne or Plaintiffs, and that each of them had been paid in full. **Please see Affidavit of Donald Lloyd Chapman attached hereto as <u>Exhibit 1</u>**. Further, upon information and belief, *<u>there was never a signed contract of any kind between Plaintiffs and Defendants, Reardons</u>*.

Plaintiffs' sketches were far from a technical drawing. There were no dimensions, window sizes or types called out, no structural materials...etc. There were room sizes but no indication of how to use this information to build from. Immediately, Chapman spotted and pointed out that Plaintiffs' sketches were unbuildable as drawn

**Willis Law**
TORNEYS & COUNSELORS

491 WEST SOUTH STREET
LAMAZOO, MICHIGAN 49007

OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 613-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

5

because of discrepancies in the roofline. *Id.*

It was also readily apparent that Ms. Breummer's freehand sketches looked strikingly similar to the plan created for the Reardons in 2005, Defendants' award winning 2008 Kalamazoo Parade of Homes plan, and Defendants' 2010 Kalamazoo Parade of Homes design that was built less than a mile from the Reardons' home on the same lake. *Id* (**Please See <u>Exhibit 1(A) and 1(B)</u> for visuals**). Despite these striking similarities and the fact that Ms. Bruemmer based her sketches off Mr. Dunne's work, Ms. Bruemmer claims to hold a valid copyright on the 2010 sketches prepared for the Reardons.

Until this lawsuit was brought, Chapman had only briefly seen Ms. Bruemmer's sketches on one occasion and did not copy, refer to, or reinterpret any of the work she did as he prepared his preliminary plan. Instead, he relied on his past design relationship with the Reardons, their very specific tastes, the allowable building envelope, site conditions, and existing features on the property to create the plan that was ultimately chosen by the Reardons for their new home. *Id.*

### III. STANDARD OF REVIEW

When deciding the parties' motions for summary judgment, the Court must first examine the standard under which summary judgments are properly granted.

This Court will grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to

**Willis Law**
TORNEYS & COUNSELORS

491 WEST SOUTH STREET
LAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
615 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

6

determine whether there is a genuine need for trial. *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). No genuine issue of material fact exists for trial unless, by viewing the evidence in a light most favorable to the nonmoving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The moving party bears the burden of informing this Court of the basis for its motion and identifying those portions of the record that establish the absence of a material issue of fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

Once the moving party has met its burden, Rule 56(e) requires the nonmoving party to look beyond the pleadings and designate specific facts showing that a genuine issue exists for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 322-34, 106 S. Ct. at 2552-53. It is not enough that the nonmoving party comes forward with the "mere existence of a scintilla of evidence...," *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512, or some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.* at 586. Rather, the nonmoving party must present **significant probative evidence** in support of its opposition to the motion for summary judgment. *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993) (emphasis added). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for Plaintiff. *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512.

### IV. LAW AND ARGUMENT

**A. COPYRIGHT INFRINGMENT CASES REQUIRE A GREATER PARTICULARITY IN PLEADING, AND PLAINTIFFS HAVE NOT MET THIS HEIGHTENED PLEADING REQUIREMENT.**

"A pleading that states a claim for relief must contain... a short plain statement

**⚑Willis Law**
TORNEYS & COUNSELORS

491 WEST SOUTH STREET
LAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

7

of the claim showing that the pleader is entitled to relief..." *Fed. R. Civ. P. 8(a)(2)*. The requirement is meant to provide the opposing party with "fair notice of what... the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

The Plaintiffs' obligation to provide the "grounds" of their entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555 (2007). "Factual allegations must be enough to raise a right of relief above a speculative level, on the assumption that all the allegations in the complaint are true..." *Id*. at 555-56. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "Facial plausibility" requires the Plaintiffs to include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Copyright infringement lends itself readily to abusive litigation because the high cost of trying such a case can force a defendant who might otherwise be successful in trial to settle in order to avoid the time and expenditure of a resource intensive case. *Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. and Consulting, Inc.*, 299 F. App'x 509, 512 (6th Cir. 2008). Therefore, greater particularity in pleading, through showing "plausible grounds," is required. *Id*.

Here, Plaintiffs have not satisfied the "greater particularity in pleading"

Willis Law
TORNEYS & COUNSELORS

491 WEST SOUTH STREET
LAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6928
FAX: 269 / 492-1042
WWW.WWPLC.COM

requirement to even bring a copyright action. Although Plaintiffs have alleged that they have a copyright, and even assuming *arguendo* that such copyright is valid, Plaintiffs have not alleged, much less established, how Defendants utilized Plaintiffs' copyrighted design. In fact, Plaintiffs have failed to even set forth the elements of a valid copyright claim, to wit: (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Servs. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L. Ed. 2d 358 (1991). The second element is missing from Plaintiffs' pleadings in its entirety. We are left to speculate as to what elements of the home design Plaintiffs contend are their original creation. Surely, Plaintiffs cannot be taking the position that the entire home is protected by copyright and that all of the elements of the home are of their original creation. To the extent that Plaintiffs may take that position, all of the design elements of the home will be "filtered" out as discussed more fully *infra*.

Therefore, Plaintiffs have not described the manner in which Defendants' work infringed upon Plaintiffs' product in order to adequately give Defendants notice of the claim against them. Plaintiffs' pleadings provide nothing more than insufficient "bare legal conclusions" and are similar to the rejected "Speculative claim" in *National Business Development Services*. The Defendants' challenge of the originality of Plaintiffs work discussed *infra* will further highlight these pleading deficiencies.

**B.    PLAINTIFFS' DESIGN WAS DERIVATIVE OF SEVERAL OF DEFENDANTS' PREVIOUS HOME DESIGNS, INCLUDING DEFENDANT CHAPMAN'S KALAMAZOO PARADE OF HOMES DESIGNS.**

In this case, because of the lack of particularity in Plaintiffs pleadings, we are left to guess whether Plaintiffs are alleging that Defendants directly copied Plaintiffs

Willis Law
TORNEYS & COUNSELORS

491 WEST SOUTH STREET
LAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

9

designs or whether Plaintiffs are alleging an inference of copying. Because Plaintiffs will not be able to muster the level of proofs necessary to establish direct copying, we must assume that Plaintiffs will attempt to establish an inference of copying by showing (1) access to the allegedly-infringed work by Defendants and (2) a substantial similarity between the two works at issue. *Kohus v. Mariol*, 328 F.3d 848, 854 (6th Cir. 2003).

Defendants admit access, albeit slight access, to the allegedly-infringed work because Defendants did have an opportunity to view Plaintiffs' sketches. Of significant import to this case is the second element of the inference of copying - which is the showing of a substantial similarity between the two works at issue. This single element further breaks down into two elements; the Sixth Circuit requires a two-step analysis to determine the "substantial similar" element: 1) identifying which aspects of the artist's work, if any, are protectable by copyright; and, 2) determining whether the allegedly infringing work is "substantially similar" to the protectable elements of the artists work. *Id* at 855.

"The essence of the <u>first step</u> is to <u>filter out the unoriginal, unprotectable elements that were not independently created by the inventor</u>, and that possess no minimal degree of creativity... through a variety of analyses." *Id.* at 855 (citations omitted and emphasis added). In cases involving a functional object rather than a creative work, expert testimony may be required to establish what elements, if any, are necessary to the function of the object. *Id.* at 856. *Scenes a faire*, those <u>elements that follow naturally from the work's theme, rather than from the author's creativity</u>, or elements that are dictated by external factors such as particular business practices, <u>should also be filtered out.</u> *Id.* (emphasis added). **"Unoriginal work enjoys no**

Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

10

copyright protection." *Murray Hill Pubs. v. Twentieth Century Fox*, 361 F.3d 312, 316 (6th Cir. 2004). "Where an element occurs both in the Defendant's prior work and the Plaintiffs prior work, no inference of copying can be drawn." *Id.* at 326 (emphasis added).

Because Plaintiffs have failed to allege any original and protectable elements that were independently created, this first step would seemingly filter out every design element, leaving nothing from which Plaintiffs can base a copyright infringement claim on.

Further, as Chapman points out in his affidavit (**Exhibit 1**), Plaintiffs' designs appear to be a derivative of, and very similar to, his Kalamazoo Parade of Homes designs. **See Chapman Affidavit Exhibit 1 and Exhibit 1(A).** Defendant Chapman offers, "Nearly all of the exterior features of the Reardon's home were present in my 2010 Parade House and many others I have designed going back to the mid 1990's, including: square windows, cupolas, stone wainscoting, shake siding, trim and cornice details...etc." *Id.* Even more disturbing, Chapman states that "Ms. Bruemmer, who while it was in her possession, reproduced my front elevation rendering of the Reardon home, *including every detail*, and used it in her advertising and promotional materials – claiming it as her own." *Id.* **(Please See Kalamazoo Parade of Homes Advertisement From June 2011 by Design Evolutions attached hereto as Exhibit 1(C)).** It remains a mystery why she would have abandoned her own front elevation and resorted to utilizing Chapman's front elevation; leaving us to assume that she preferred Chapman's original design over her own, as did the Reardons. **For further proof of Chapman's claim of reproduction, please see Exhibit 1(D) and compare it with Ms.**

Willis Law
TORNEYS & COUNSELORS

491 WEST SOUTH STREET
LAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

11

Bruemmer's advertisement **Exhibit 1(C)**.

Ms. Bruemmer's freehand sketches from 2010 and the plan Defendants created for the Reardons in 2005 are very similar. The major differences are that two of the secondary bedrooms originally on the main floor had been moved to the second floor and most of the space originally occupied by these two bedrooms was used to expand the Master Bedroom and Closet and to allow the house to fit within the allowable building envelope. *Id*. **Please See Ms. Bruemmer's 2010 Reardon Design attached hereto as Exhibit 2 and Chapman's original 2005 design, Exhibit 1(A)**.

Lee Martin, AIA and forensic architect, safety expert, former chief architect for the State of Ohio, and former chief building official responsible for the interpretation and administration of the building and other related codes in several companies and jurisdictions, found that Mr. Chapman's 2005 design and Ms. Bruemmer's 2010 design share several features including shape and interior architecture. **Please see Affidavit of Lee Martin attached hereto as Exhibit 3**. He further stated that evaluation of Mr. Chapman's 2005 design and Ms. Bruemmer's 2010 design reveal that the two are substantially similar. In Mr. Chapman's 2005 design, the Sun Room and utility spaces were located at the south end of the new house, with public living spaces in the central portion and private areas (i.e., bedrooms) to the north. Ms. Bruemmer's 2010 design follows this arrangement. Both designs have angled walls at 45 degrees. In summation, Ms. Bruemmer's 2010 design includes many design aspects found in Mr. Chapman's 2005 design. *Id*. **Please See Ms. Bruemmer's 2010 Reardon Design Exhibit 2 and Chapman's 2005 Design Exhibit 1(A)**.

Because Ms. Bruemmer's design is derivative of, and substantially similar to

**Willis Law**
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1002
WWW.WWPLC.COM

Mr. Chapman's 2005 design, among others, and because Mr. Chapman's designs were created first-in-time, Ms. Bruemmer cannot claim a valid copyright because she does not have any "original" or "independently created" elements.

Even if this Court is unable to see the striking similarities between Defendants' prior designs and Plaintiffs sketches for the Reardon's 2010 home, the fact remains that most of the features of this home are of common usage in the public domain and therefore cannot be specifically subject to *any* copyright. **Affidavit of Chapman Exhibit 1**. As Chapman states, "there is not a single detail of the interior or exterior of this house that has not been my practice to use in home design during over 40 years in the profession." *Id*. Because almost every element of Plaintiffs' work appears in Defendants' prior work, no inference of copying can be drawn. *Murray Hill Publishers* at 316.

In sum, if we apply the "filter" pursuant to the well established Sixth Circuit test to filter out the unoriginal, unprotectable elements that were not independently created by the inventor and that possess no minimal degree of creativity, Plaintiffs are left with nothing to copyright. The Plaintiffs filed this lawsuit nearly eight months ago and have yet to even allege, let alone offer any proof, of an original protectable element of Defendant Reardon's design of their 2010 home. Plaintiffs 26(a) disclosures did not supply this proof or an outline of protectable elements because none exist. Further, to the extent that this Court may find similarities in the designs at hand, these similarities are merely *"scenes a faire"* or elements that flow naturally from the work's theme and external factors such as: building site restrictions, customer preference, and current building trends.

**Willis Law**
TTORNEYS & COUNSELORS

491 WEST SOUTH STREET
\LAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

13

**C. Defendants' Design Was Not Substantially Similar To Plaintiffs' Design.**

Assuming *arguendo*, that Plaintiffs can establish some element of original design that is protectable, they must still pass the substantially similar hurdle to have a valid copyright claim. "Once the unprotectable elements have been filtered out (which we believe eliminates the entire home), the second step is to determine whether the allegedly infringing work is substantially similar to the protectable elements of the original which is based on the judgment of the targeted audience, generally the lay observer, or the ordinary reasonable person." *Kohus*, 328 F.3d at 856-57. "Where the target audience of the object or work possess specialized expertise, expert testimony may be necessary to educate the trier of fact in those elements for which the specialist audience will look." *Id.* at 857.

Summary judgment for Defendants is appropriate even if the Court concludes that the similarity between the works concerns a shared idea, if the Court also concludes that no reasonable jury, if properly instructed, could find the works substantially similar. *Mihalek Corporation v. State of Michigan*, 630 F. Supp. 9, 13-14 (E.D. Mich. 1985); aff'd 814 F.2d 290, on *rehg*, 821 F.2d 327, cert. denied, 484 U.S. 986, *rehg denied*, 484 U.S. 1083. The question of whether or not there exists a genuine issue of material fact with respect to the issue of substantial similarity is one of law for the Court. *Id.* (emphasis added).

The Court, when faced with a motion for summary judgment, must conduct a side-by-side examination of the two sets of works and determine if a reasonable jury could find substantial similarity. *Id.* at 13-14. Summary judgment is appropriate where the court concludes as a matter of law that the two works are not substantially similar.

**Willis Law**
TTORNEYS & COUNSELORS

491 WEST SOUTH STREET
(LAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

14

*Mihalek*, 814 F.2d 290, 294 (6th Cir. 1987).

When conducting a side-by-side comparison, the Court will notice that the Reardon's home as constructed differs from the sketch done by Ms. Bruemmer in five categories that determine the character of a space other than function:

- Size
- Shape
- Proportion
- Location
- Orientation

The Reardon's home has three main sections: the north end of the house which contains the Master Bedroom Suite; the center section of the house which contains the formal living area with Great Room, Den, and Foyer; the south end of the house which contains the informal living and utility areas, the Kitchen, Dining, Laundry, Mud Room, Powder Room, Closets, Service Hall, Walk-in Pantry, and Sunroom. The Garage is located immediately adjacent to these latter spaces. **See Affidavit of Chapman Exhibit 1**.

Here is a brief summary Defendant, Chapman, put together of some of the substantial differences between Ms. Bruemmer's sketches and the Reardon home as constructed: (for visual reference when reading through, the Court should refer to comparison exhibits prepared by Chapman: Exhibits 1(D), 1(E), 1(F), and 1(G))

<u>The South End of the House</u>

There was a pre-existing structure on the south end of the site that did not have plumbing and contained a Garage, a Recreation Room, and Bar. An existing driveway served the previous house and was reused, which determined the location of the new Garage. Because of the lack of plumbing in this section of the home, the Reardons required the informal and utility sections of the house to be located in this area. Additionally,

**Willis Law**
TORNEYS & COUNSELORS

491 WEST SOUTH STREET
LAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

this was the only area where the building site is large enough to accommodate all of these features.

The Reardons wanted to have access to the Powder Room and Kitchen from the Bar so there is a Service Hall to access these. Ms. Bruemmer's plan contains no such discrete entry, but instead, proposes to enter the house through the Powder Room.

Each of the rooms in this section of the house are in different locations than Ms. Bruemmer's sketch and have different shapes, dimensions, proportions, and orientations to one another, as noted in parentheses below.

The Sunroom, which occupies the same basic location as their 2005 home, differs in size and shape from Ms. Bruemmer's sketch and can be accessed and viewed directly from the Kitchen, Dining Room, and Great Room; instead of being separated and only accessed through a doorway and the hall between cabinets in the south Kitchen wall.

The Sunroom is 17'-8"x15'-4" (Bruemmer 13'15') with the longer side oriented to the lake unlike Ms. Bruemmer's sketch. The Dining Room is 18'x15' (Bruemmer 13'x15'), again with greater exposure to the lake. The Kitchen is 20'x12'-6" (Breummer 12'x22') with a greater view of the lake through the Dining Room, Great Room, and Sunroom. Ms. Bruemmer's sketch shows a three car garage, whereas, my plan contained only a two car garage. Ms. Bruemmer's "L" shaped stairway is shown in the Dining Room rather than in the Great Room/Foyer as it is in my plan.

**My design for this section of the house is different from Ms. Bruemmer's sketch in virtually every detail including room sizes, orientation to the lake, adjacent spaces, access to external structures, and organization of traffic flow**. (Emphasis added).

### The Center Section of the House

The center section of the house contains the Great Room, Den, Foyer, and in my plan, a straight-run stairway. The stairway is accessed from the Great Room rather than the Dining Room. The Foyer is larger and the Den is about the same size as Ms. Bruemmer's plan; however, both rooms are in different locations and have different orientations to adjacent spaces and the exterior of the home. My Den location provides a direct view of the lake and more direct access from the Master Bedroom creating greater privacy for that space than Ms. Bruemmer's sketch.

The Great Room is approximately the same size and has the same orientation to the other two sections of the house. The fireplace is in a



Willis Law
TTORNEYS & COUNSELORS

491 WEST SOUTH STREET
LAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

different location and the vaulted area has a different configuration and size. This Great Room location is in common usage. This is the only reasonable location for this room given the site restrictions, features and homeowner requirements.

### The North End of the House

The Master Bedroom wing contains the Bedroom, 15'-6"x17' (Bruemmer: 13'x17'-6"), a Bathroom, 13'-4"x12'-4" (Bruemmer: 10'x11'6") and a Walk-in Closet, 11'-4"x11'-8" (Bruemmer: 13'-6"x11'-4"). The Master Bedroom wing in my plan is larger than in Ms. Bruemmer's sketch and includes a larger walkway to access the Master Closet. There are also differences in counter space and storage.

It should also be said that given the necessity to arrange this house in a particular way because of site restrictions, it is impossible to locate the rooms facing the lake in any other order or manner. No one, not a designer nor a homeowner, would propose anything but the main living spaces of a house facing the dominant view; in this case, Austin Lake.

### The Second Floor

The Second Floor contains two secondary Bedrooms and a Bath in a common arrangement. The south Bedroom is 12'x14'-8" (Bruemmer 11'-6"x14) and the other is 11'x17'-1" (Bruemmer 11'-6"x15') and contains a Walk-in Closet that was not in Ms. Bruemmer's sketch. They share a Hall Bath Suite, which is larger in my plan.

There is a 13'-8"x23'-4" Media/Play Room that can be used as a fifth Bedroom if necessary. There is also a Sitting Area and Balcony at the top of the stairway. Neither of these spaces are shown in Ms. Bruemmer's sketch.

The Reardons required a Guest Suite on the north end of the Second Floor. Both bedrooms being discussed are about the same size, except for a large, protruding chimney chase in Ms. Bruemmer's sketch, and both have a small Terrace, which is located on the roof of a section of the Master Bedroom below. I believe these Terraces are a common feature used by both of us over the years including in my own home built in 1998. The Bath Suite and Closet area is of a different arrangement, orientation, proportion and size than that shown in Ms. Bruemmer's sketch. *Id.*

Any similarity between Defendants' design and Ms. Bruemmer's sketches are coincidental and due to three overarching considerations of this project:

**Willis Law**
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 501-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

- The existing condition and severe restrictions of the building site;
- A very detailed and specific customer preference list; and,
- A historical knowledge of the clients wants and needs that was acquired by Chapman designing and building the Reardons' custom layout in 2005.

All of these considerations were in existence well before the Reardons engaged Ms. Bruemmer. *Id.* By way of visual support, and in the effort of assisting the fact finder in conducting a side-by-side comparison pursuant to *Mihalek*, I have assisted in the creation of the following side-by-side comparisons:

    o **Exhibit 1(D)** - Elevations (Bruemmer v. Chapman)
    o **Exhibit 1(E)** - Rear Elevations (Bruemmer v. Chapman)
    o **Exhibit 1(F)** - Square Footage (Bruemmer v. Chapman)
    o **Exhibit 1(G)** – Graphical Comparison (Bruemmer v Chapman)

As Richard B. Cook, FAIA, President of the American Institute of Architects for Chicago and the State of Illinois and Director of the National American Institute of Architects, points out:

*Mr. Chapman has a stairway that you enter off the Foyer while Ms. Bruemmer treats the stairway as a second floor exit and is not a direct path from the Foyer. In addition, the stairs in Ms. Bruemmer's solution do not exit from the Great Room on the second floor, as does Mr. Chapman in lieu of exiting from the Dining Room. Mr. Chapman presents a much more elegant and direct solution. At the second floor the stairs in Mr. Chapman's solution enter on to a corridor that is perpendicular to the Open area looking down, while Ms. Bruemmer creates a diagonal at the corner of the open area.*

*The Sunroom surrounding ancillary rooms are configured differently in both houses. The Bath and Closet arrangements between the two houses are different. The Garage placement and the surrounding rooms are different. Mr. Chapman's solution has an octagonal room while Ms. Bruemmer has a bay window on a rectangular room.*

*The second entry into the house in Ms. Bruemmer's plan is through the Powder Room, while Mr. Chapman's scheme is direct and leads directly into the kitchen.*

*Ms. Bruemmer's design has another Garage space that is not present in Mr. Chapman's design.*

*The front elevations in each design have different roof lines.    Mr.*

**Willis Law**
TTORNEYS & COUNSELORS

491 WEST SOUTH STREET
LAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

18

*Chapman has a configuration of a large hip roof over the central space while Ms. Bruemmer has a gable roof. Ms. Bruemmer has a shed roof over the office space of the Garage. Mr. Chapman does not use shutters in his design and trim is much more prevalent in Mr. Chapman's design.*

*Mr. Cook's Conclusion is that Defendants' design is not a derivative of Ms. Bruemmer's design. Rather, they each came through with the standard vocabulary that an architect uses when doing a single family house. The floor plans of the two houses are different and the roof lines are different. The placement of the various rooms is arranged differently in each house. The flow from room to room is different and the stair placement to the second floor works well architecturally in Defendants' design.* **Please See Affidavit of Richard B. Cook, FAIA attached hereto as** **Exhibit 4.**

Lee Martin, AIA and forensic architect, safety expert, former chief architect for the State of Ohio, and former chief building official responsible for the interpretation and administration of the building and other related codes, adds:

*The drawings prepared by Mr. Chapman in 2005, Ms. Bruemmer in April 2010, and Mr. Chapman again in October 2010 all use standard features frequently found in single-family residential design and construction in the region, and throughout the country. Mr. Chapman's 2010 design and Ms. Bruemmer's 2010 design differ significantly with respect to the arrangement and composition of spaces and elements in the design.*

*Exterior elevations of Ms. Bruemmer's plan and Mr. Chapman's plan differ in roof configuration, materials (i.e., stucco versus wood shingles except in gable roof areas), and arrangement of garage doors.*

*The first floor plans differ in entrance foyer configuration; kitchen/dining room configuration; the relationship of the Sun Room to the Laundry and Pantry; and exterior door features.*

*Mr. Chapman's second floor plans include a loft and bonus space that are not present in Ms. Bruemmer's design, and a straight run stairway rather than a 90 degree turn stairway in Mr. Chapman's design.*

*Ms. Bruemmer's design contained 3,492 square feet of living space. Mr. Chapman's 2010 design contained 4,232 square feet of living space, making his design 21% larger than Ms. Bruemmer's design.*

*His overall conclusion is that there are no unique or transformational qualities in Ms. Bruemmer's 2010 design that were included in Mr.*

**Willis Law**
TTORNEYS & COUNSELORS

491 WEST SOUTH STREET
ALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
615 / 301-7177
TOLL-FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

*Chapman's 2010 design. Defendants did not copy Ms. Bruemmer's design.* **Please See Affidavit of Lee Martin Exhibit 3**.

Even if this Court finds that Plaintiffs' design does in-fact have original and copyrightable elements, the Defendants have brought forth a substantial laundry list of differences in design such that no reasonable jury if properly instructed could possibly find the two designs to be substantially similar.

## V. CONCLUSION

Plaintiffs have not met the heightened burden of pleading a copyright infringement case with "plausible grounds" as required by *National Business Development Services, Inc.* Further, Plaintiffs have failed to identify a single original or copyrightable element in their design, as was their burden to do. Conversely, Defendants have brought forth significant proof that Plaintiffs' 2010 design is a derivative of, and substantially similar to, Defendants' 2005 design (which was obviously first-in-time). Lastly, even if this Honorable Court finds that there are original copyrightable elements in Plaintiffs' 2010 design, no reasonable jury, if properly instructed after seeing the laundry list of differences in the designs referenced by Mr. Chapman, Mr. Martin, and Mr. Cook could possibly find that the two designs are substantially similar. A side-by-side comparison of the various designs discussed in this Brief will give the fact finder sufficient information to grant Defendants' Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56.

**WHEREFORE, DEFENDANTS, TOM SCOTT D/B/A T.A. SCOTT CONSTRUCTION, INC., AND DON CHAPMAN, RESPECTFULLY REQUEST** that this Honorable Court grant Defendants Motion for Summary Judgment, dismiss

**Willis Law**
TTORNEYS & COUNSELORS

491 WEST SOUTH STREET
ALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

Plaintiffs' claims, and grant Defendants their costs and attorney fees incurred in having to defend this lawsuit.

**Respectfully submitted,**

**WILLIS LAW**

DATED: 5/24/12

                              ___/s/ Shaun Patrick Willis_____
Shaun Patrick Willis (P62441)
Attorney for Defendants T.A. Scott
Tom Scott and Don Chapman
491 W. South Street
Kalamazoo, MI 49007
269-492-1040



**Willis Law**
TTORNEYS & COUNSELORS

491 WEST SOUTH STREET
ALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM