UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

MARLA M. BRUEMMER and
DESIGN EVOLUTIONS, INC.,

                Plaintiffs,

vs.

TOM SCOTT d/b/a T.A. SCOTT
CONSTRUCTION, INC. ande
DON CHAPMAN,

                Defendants.

Case No. 1:11-cv-988

Hon. Robert Holmes Bell

/

| | |
|---|---|
| Christopher D. Morris (P36292)<br>Michael D. O'Connor (P18407)<br>Lennon, Miller, O'Connor &<br>Bartosiewicz, P.L.C.<br>Attorneys for Plaintiffs<br>151 S. Rose Street, Suite 900<br>Kalamazoo, MI 49007<br>Telephone: (269) 381-8844 | Shaun Patrick Willis (P62441)<br>Willis Law<br>Attorney for Defendants T.A. Scott<br>Tom Scott and Don Chapman<br>491 W. South Street<br>Kalamazoo, MI 49007<br>269-492-1040 |

/

### DEFENDANTS' RESPONSE TO PLAINTIFF'S DAUBERT MOTION TO EXCLUDE THE EXPERT TESTIMONY OF LEE E. MARTIN AND RICHARD B. COOK

This response is brought by Defendants in opposition to Plaintiffs' Daubert Motion to Exclude the Expert Testimony of Lee E Martin and Richard B. Cook. Defendants respectfully request that this Court admit the expert testimony of Lee E. Martin and Richard B. Cook (the "witness(es)"), wherefore, such testimony clearly rests on reliable foundations and is relevant to the task at hand.

Willis Law
ATTORNEYS & COUNSELORS
491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

First, Plaintiffs' counsel erroneously interprets and applies the rationale set forth in the cited authority. In Plaintiffs' case, the audience for the work, the architect contemplating the design, clearly possesses specialized expertise that is relevant to the purchasing decision, meaning in this case, the builder's design. *Kohus v. Mariol*, 328 F.3d 848, 857 (6th Cir. 2003). Thus, the most common target audience, an architect interested in such designs, clearly possesses a specialist's perception of similarity that is different from the lay observer. That is to say, an architect will analyze designs in a manner different from the casual observer. Again, meaning that an architect contemplating the purchase or use of an architectural design for commercial purposes possesses a different perception from that of a lay observer. In other words, under Plaintiffs' cited authority, *Kohus*, the test should focus on the intended audience, and here, that is clearly the architect contemplating such a design, an audience with a specialist's perception. Id. at 857. Furthermore, notably omitted in Plaintiffs' Motion, in *Kohus*, the Court went on to say that, in cases with specialized expertise, "[e]xpert **testimony will usually be necessary to educate the trier of fact.**" Id. Therefore, in this case, expert testimony *is* necessary, appropriate, and helpful to educate the trier of fact.

Second, Plaintiffs' counsel erroneously argues that because the AIA (the American Institute of Architects) does not mandate a method of analysis, that no objective or reliable means of analysis exists, thus, that the Defendants' witnesses lack objective methods to evaluate the similarity of works, arguing that the

Willis Law
ATTORNEYS & COUNSELORS
491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

2

witnesses' methods to explain the conclusions were somehow lacking an objective basis and lacking a foundation, thereby confusing the jury with subjective results. In other words, suggesting that a licensed architect's report is (1) not necessary because a lay observer's opinion is appropriate and (2) not, in this case, objective and reliable. However, the basis for the witnesses' testimony *is* objective, necessary, reliable, relevant, and appropriate to assist the trier of fact under the circumstances of this case.

## FACTS

Defendants, Michael and Laurie Reardon ("Reardons") own property ("Property") commonly known as 9046 E. Shore Drive in Portage, Michigan. The Reardons sought services for a residential tear-down and rebuild. The Reardons' builder needed a design for their home.

The Reardons engaged Marla Bruemmer, principal of Design Evolutions, Inc., to explore such a design. The Reardons explained their design preferences to Ms. Bruemmer, preferences pertaining to the desired features of their new home. Ms. Bruemmer gave them a rough floor plan along with a sketch according to the ideas the Reardons had suggested. Ms. Bruemmer advised the Reardons to get a building estimates from builders, thus the builder being the intended audience for commercially quoting the viability of such a design. The initial estimates were very high.

Thereafter, the Reardons called on Don Chapman of T.A. Scott Construction, a person whom they had worked with previously, to explore alternative options, again, explaining their preferences and preferred specifications. Don Chapman then

Willis Law
ATTORNEYS & COUNSELORS
491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

3

rendered his own design for quote, thus, completing full blue print style drawings for the home. The Reardons preferred Chapman's design, and thereafter decided to use his blueprint for their home. T.A. Scott Construction designed and built the Reardons' home.

Eventually, Ms. Bruemmer became aware that the Reardons had chosen to work exclusively with T.A. Scott and Don Chapman to design and build the home. Ms. Bruemmer made her own comparison between her rough sketch and the blue print design of Don Chapman. Ms. Bruemmer decided that the designs were similar, and that Don Chapman had copied her design. Sometime after the completion of the home, Ms. Bruemmer decided to copyright the preliminary sketch she prepared for the Reardons.

Ms. Bruemmer claims that Don Chapman copied architectural elements of her sketch and has incorporated those exact, identical elements into his design. Ms. Bruemmer alleges infringement of her copyrighted design and seeks to recover damages from the Reardons, Don Chapman, and T.A. Scott Construction. As a result of this litigation, Defendants have sought to admit the testimony and reports of expert witnesses, testimony and reports of licensed architects, in relation to the similarity and common usage of the design features, thus, arguing that the opinions of licensed architects is objective, methodical, and different from those of a lay observer.

## LEGAL STANDARDS

Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), trial judges analyze expert testimony for relevance and reliability. Counsel correctly

Willis Law
ATTORNEYS & COUNSELORS
491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

4

cites FRE 702 in that expert testimony must be (1) helpful to the court, (2) based on sufficient facts or data, (3) the product of reliable principles and methods, and (4) delivered by a witness who has applied the principles and methods reliably to the facts of the case. Thus, counsel correctly points to the importance of objective methods, citing *Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426 (6th Cir. 2007). In *Johnson*, the Court requires "some objective proof […] supporting the reliability of the expert's testimony." Id. Again, according to Plaintiffs' Motion, the first question here is ultimately whether there is a sufficient objective basis for the experts' testimony and methods.

Under FRE 403, counsel improperly argues that the admittedly relevant evidence would confuse or mislead the jury, thus, that the "probative value is outweighed by the danger of unfair prejudice, [thereby] confusion of the issues, or misleading the jury…" Opposing counsel cites *Kohus v. Mariol*, 328 F.3d 848, 857 (6th Cir. 2003), stating that expert testimony is not helpful to the trier of fact, and that the issue should be considered from the perspective of the "ordinary reasonable person." Id. at 857. However, opposing counsel cites only part of the language set forth in *Kohus*, thereby seeking to apply the standard for the lay observer's perception rather than that of an architect or a builder.

> In cases **where the target audience possesses specialized expertise, however, the specialist's perception of the similarity may be much different from the lay observer's, and it is appropriate in such cases to consider similarity from the specialist's perspective.** The larger principle here is that the inquiry in the second prong of the substantial similarly test should focus on the intended audience. This will ordinarily be the lay public, in which case the finder of fact's judgment should be from the perspective of the lay observer or, as

Willis Law
ATTORNEYS & COUNSELORS
491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

5.

*Monogram Models* put it, the ordinary reasonable person. But **in cases where the audience for the work possesses specialized expertise that is relevant to the purchasing decision and lacking in the lay observer**, the trier of fact should make the substantial similarity determination from the perspective of the intended audience. **Expert testimony will usually be <u>necessary</u> to educate the trier of fact in those elements for which the specialist will look.** Id. (citing *Monogram Models, Inc. v. Industro Motive Corp.*, 492 F.2d 1281 (6th Cir. 1974).

Therefore, the question of substantial similarity is whether the target audience, the builder or architect that quotes and develops blue prints for the design in question, possesses specialized expertise different from that of the lay observer. In other words, the second question is whether the builder analyzing and quoting a design for architecture possesses specialized expertise that a lay observer does not have, or does a builder or architect look at an architectural design or work any differently than the lay observer?

Again, the first question is whether there is a sufficient objective basis for the experts' testimony and methods; the second question is whether there is a technical difference between the opinion of the builder or architect quoting and analyzing the design versus the opinion of the lay observer, thus, the builder or architect being the intended audience for commercially quoting and analyzing such a design.

## ARGUMENT

**I.     Whether there is a sufficient objective basis for the expert's testimony and methods.**



ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

The first question is whether there was a sufficient objective method for the experts' testimony? Defendants answer Yes.

Mr. Lee E. Martin, AIA, is a licensed architect in the State of Michigan, License No. 1301056463. His resume, education, and credentials, as opposing counsel points out, are not in dispute. His report analyzes the different "arrangement[s] and composition[s] of spaces and elements in the design," thus, an objective observation. **(Please see Affidavit of Lee E. Martin dated 3/30/2012 attached as <u>Exhibit A</u>)**. Other objective observations include Mr. Martin's assessment of exterior "elevations and materials (i.e., stucco versus wood shingles except in the gable roof areas) and the arrangement of garage doors." The report considers spatial configurations for rooms and their spatial relationships. The report indicates other spatial relations, including, but not limited to, the degree of the turns for the stairwells. The report properly considers the Lane Alton & Horst LLC, 2003, v1i1, text that considers the criteria for architectural copyright protection. Furthermore, the report goes on to further analyze the utility space, angles, rooms and the spatial relations and location thereof, the square footage and the allocations of the space thereof, and other specific design considerations that provide an objective basis for Mr. Martin's analysis. Opposing counsel argues that the method of Mr. Lee's analysis is not sufficiently objective so as to satisfy *Daubert* and FRE 702(3); however, Mr. Martin's report and the methods therein are clearly and obviously measured through an objective method that is specialized, quantitative,

**Willis Law**
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

and beyond reproach in its objective measurements and facts. 509 U.S. 579 (1993). In other words, Mr. Lee's observations focus on quantitative date points and are mathematically objective. **(Please see Affidavit of Lee E. Martin dated 1/22/2013 attached as <u>Exhibit B</u>)**.

Mr. Richard B. Cook, FAIA, is a registered architect in the State of Michigan, License No. 1301026882. His resume, education, and credentials, as opposing counsel points out, are not in dispute. His report analyzes the different practical solutions, including, but not limited to, the unit plan layout, thus, an objective observation. **(Please see Affidavit of Richard Cook dated 5/9/2012 attached as <u>Exhibit C</u>)**. Mr. Cook's report lists quantitative comparisons in the designs, itemizing the comparison with respect to room, square footage, and the allocation thereto. A quantitative comparison that is beyond reproach in its objective nature; in other words, it is a cold, hard math comparison. The report goes on to analyze the scheme and connection of rooms and the square footage thereto, thus, a practical, but again mathematical approach. The rooms' shapes, thus octagon versus square, are described in further detail. Again, opposing counsel argues that the methods are not sufficiently objective so as to satisfy *Daubert* and FRE 702(3); however, the report and the methods therein are clearly and obviously measured through an objective method that is specialized, quantitative, and beyond reproach in its objective measurements and facts. 509 U.S. 579 (1993).

Thus, Plaintiff's argument that no objective method has been demonstrated by the reports is without merit.

**Willis Law**
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

> **II.     Whether the target audience possesses specialized expertise; thus, whether the specialist's perception of the similarity is different from the lay observer's, thereby is it appropriate to consider similarity from the specialist's perspective? Defendant's answer Yes.**

Under *Kohus v. Mariol*, 328 F.3d 848, 857 (6th Cir. 2003), if the intended audience has specialized expertise relevant to the purchasing decision, "**expert testimony will usually be necessary to educate the trier of fact** in those elements for which the specialist will look." Id. (citing *Monogram Models, Inc. v. Industro Motive Corp.*, 492 F.2d 1281 (6th Cir. 1974)).

Opposing counsel erroneously argues that the intended audience for an architectural copyright is the lay person, or lay observer; in addition, arguing that the use of experts would somehow be prejudicial, thus confusing the jury under FRE 403, thereby suggesting that the experts' testimony, that of the aforementioned architects, would have probative value that is "outweighed by unfair prejudice." This argument is without merit.

However, in reality, the intended audience for an architectural design is commonsensically simple; generally, the intended audience is a build architect or an actual builder hired to construct off of the plans. Architects and builders analyze the intricacies of such designs. Furthermore, while consumers purchase homes and buildings, the development quotes thereto are done by trained professionals with

**Willis Law**
ATTORNEYS & COUNSELORS
491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

specialized technical skills. Similarly, the architects' and builders' analysis of such designs is not that of a lay person, or the lay observer. Architects and builders give careful and thoughtful consideration to the structure, space relations, square footage, and much, much more – that is why architects and builders must be licensed; they have technical specialized skills not possessed or understood by the lay observer. Therefore, a realistic approach to this case would include the testimony of experts who possess the technical aptitude and expertise for the specialized subject matter, experts "necessary to educate the trier of fact in those elements for which the specialist will look." *Kohus*, 328 F.3d at 857.

## CONCLUSION

The short answer is that the experts' methods are objective, specialized, quantitative, and beyond reproach in the objective measurements and facts. Second, the intended audience for an architectural copyright, an architect or builder, has specialized expertise relevant to the purchasing decision, thus, expert testimony is necessary to educate the trier of fact. Therefore, the experts' testimony is not only admissible, but suggested and necessary to assist the trier of fact in his or her analysis of the issues, thus, we respectfully requires that this Honorable Court admit the experts' testimony and deny Plaintiff's motion.

**Willis Law**
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

10

WILLIS LAW

Dated: January 24, 2013					By: /s/ Shaun Patrick Willis
							Shaun Patrick Willis (P62441)
							spwillis@willislawyers.com
							491 West South Street
							Kalamazoo, Michigan 49007
							Tele: (269) 492-1040
							*Attorneys for Defendants Tom Scott, d/b/a T.A. Scott Construction, and Don Chapman*



**Willis Law**
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007

OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM