## UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF MICHIGAN

MARLA M. BRUEMMER and
DESIGN EVOLUTIONS, INC.,

                Plaintiffs,

vs.

TOM SCOTT d/b/a T.A. SCOTT
CONSTRUCTION, INC. and
DON CHAPMAN,

                Defendants.

Case No. 1:11-cv-00988

Hon. Robert Holmes Bell

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE EXHIBITS**

_____/

Christopher D. Morris (P36292)
Michael D. O'Connor (P18407)
Lennon, Miller, O'Connor &
Bartosiewicz, P.L.C.
Attorneys for Plaintiffs
151 S. Rose Street, Suite 900
Kalamazoo, MI 49007
Telephone: (269) 381-8844

Shaun P. Willis (P62441)
Adam J. Keilen (P76371)
WILLIS LAW
Attorney for Defendants
T.A. Scott, Tom Scott & Don Chapman
491 W. South Street
Kalamazoo, MI 49007
Telephone: (269) 492-1040

_____/

Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007

OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE EXHIBITS

This Answer is brought by Defendants in response to Plaintiffs' Motion to Exclude Exhibits. Defendants respectfully request that this Court admit the proposed expert testimony and exhibits (**Attachment #5, Exhibit 3 at Dkt. No. 51 and Exhibit X through HH**), wherefore, such testimony and exhibits clearly rest on reliable foundations and are relevant to the task at hand. Plaintiffs' submitted, and notably blended, **four arguments**, set forth below, in the aforementioned Motion. The parties, in the Proposed Jury Instructions, agreed that the 9th Circuit's instructions should apply in this case (**Exhibit/ Filing Docket # ...**).

### I. Plaintiffs argue the housing plans in the exhibits and the testimony are irrelevant and will confuse the jury.

Plaintiffs argue that the exhibits are irrelevant and will confuse the jury. Under *North Coast Industries v. Jason Maxwell, Inc.*, 972 F.2d 1031 (9th Cir. 1992), the question of originality is a fact question for the jury, thus, determining whether the copyright owner's expression of an idea was beyond merely "trivial" differences. *Id.* at 1034. Furthermore, in *Satava v. Lowry*, 323 F.3d 805 (9th Cir.), *cert. denied*, 540 U.S. 983 (2003), when the work embodies the "minimum of creativity" necessary for copyright protection, the work only has "thin" copyright protection, meaning, the work is only protected from "virtually identical copying." *Id.* at 810-12.

It is commonsensical that other housing plans would be offered to analyze whether the work in question is, in-fact, an original work. The jury will need to distinguish between work that has been copied and work that has been created, if there

Willis Law
ATTORNEYS & COUNSELORS
491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

is any. Furthermore, under the 9th Circuit's test, "trivial" differences will be treated differently; therefore, the jury will also be required to make an assessment as to whether the differences are substantial, versus "trivial," if any such differences are found. The exhibits and the testimony are necessary to the jury to grasp what types of architecture is part and parcel to the public domain, and hence not original architecture. Excluding the testimony and the exhibits would ask the jury to distinguish copied works from original works and substantial differences from "trivial" differences with no legitimate means of doing so. The exhibits and testimony are not confusing; they are *necessary to prevent* confusion and would be offered as demonstrative evidence.

## II. Plaintiff argues the methods to analyze the homes are unreliable and unrelated to the task at hand.

In previous pleadings we discussed Mr. Lee E. Martin, AIA, who is a licensed architect in the State of Michigan, License No. 1301056463. His resume, education, and credentials, as opposing counsel points out, are not in dispute, thus beyond reproach. He is a respected member of the AIA. His report analyzes the different "arrangement[s] and composition[s] of spaces and elements in the design," thus, a clearly objective observation based on mathematical observations and arrangements.

Opposing counsel argues that the method of Mr. Martin's analysis is not sufficiently objective so as to satisfy *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and FRE 702(3); however, Mr. Martin's reports, affidavits, and opinions, and the methods therein, are clearly and obviously measured through an objective method that is specialized, quantitative, and beyond reproach in its objective measurements and facts; they are the observations and measurements of an expert

**Willis Law**
ATTORNEYS & COUNSELORS
491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

architect. Opposing counsel's attack on Mr. Martin's exhibits and methods and the methods' supposed confusion of the jury is a blatant attempt to circumvent a respected expert's opinion and materials that are both accurate and compelling, such efforts are appropriate for cross-examination, *not* Motions to Exclude.

### III. Plaintiffs argue the "requisite level of creativity is low," and Mr. Martin's conclusion, in favor of Defendants, is wrong and should be excluded because it will confuse the jury.

Plaintiffs argue that Mr. Martin's conclusions are confusing because of Plaintiffs' own opinion as to the work's originality; a question that all parties agree is for the jury. **(Please see Plaintiffs' Motion to Exclude Exhibits at 2)**. Opposing counsel's attempted and repeated use of FRE 702 and FRE 403 is not appropriate. Defendants' agree that, under *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 345 (1991), independently created work must contain some degree of "minimal creativity." However, opposing counsel's Motion suggests that an expert opinion concluding that "minimal creativity" doesn't exist is somehow "confusing," thereby using the idea of confusion, ***rather than substance***, to rebut an argument. Again, this is a question for the jury, and all the tools necessary to make an informed decision should be available, thereby, truly preventing confusion.

### IV. Plaintiffs argue the Reardons are the intended target market, making the substantial similarity evaluation subject to the ordinary person test, rather than a test for a technical expert, such as an architect or builder.

**Willis Law**
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

Restated, under *Kohus v. Mariol*, 328 F.3d 848, 857 (6th Cir. 2003), if the intended audience has specialized expertise relevant to the purchasing decision, "**expert testimony will usually be necessary to educate the trier of fact** in those elements for which the specialist will look." Id. (citing *Monogram Models, Inc. v. Industro Motive Corp.*, 492 F.2d 1281 (6th Cir. 1974)).

Opposing counsel erroneously argues that the intended audience for an architectural copyright is the lay person, or lay observer; in addition, arguing that the use of experts would somehow be prejudicial, thus confusing the jury under FRE 403, thereby suggesting that the experts' testimony, that of the aforementioned architects, would have probative value that is "outweighed by unfair prejudice." This argument is without merit.

However, in reality, the intended audience for an architectural design is commonsensically simple; generally, the intended audience is an architect or an actual builder hired to construct off of the plans. Architects and builders analyze the intricacies of such designs. Furthermore, while consumers purchase homes and buildings, the development quotes thereto are done by trained professionals with specialized technical skills. Similarly, the architects' and builders' analysis of such designs is not that of a lay person, or the lay observer. Architects and builders give careful and thoughtful consideration to the structure, space relations, square footage, and much, much more – that is why architects and builders must be licensed; they have technical specialized skills not possessed or understood by the lay observer. Therefore, a realistic approach to this case would include the testimony of experts who possess the technical aptitude and

Willis Law
ATTORNEYS & COUNSELORS
491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM


expertise for the specialized subject matter, experts "necessary to educate the trier of fact in those elements for which the specialist will look." *Kohus*, 328 F.3d at 857.

## CONCLUSION

Opposing counsel's Motion suggests that relevant, reliable and necessary exhibits and testimony are somehow "confusing," thereby using FRE 702 and FRE 403, and the idea of confusion, to argue their position. Defendants respectfully argue that these questions are substantive, issues that can, and should, be presented to the jury. Again, originality is a question for the jury that is best answered with the aid of expert opinions and exhibits, and all the tools necessary to make an informed decision should be available, thereby preventing confusion.

WHEREFORE, Defendants respectfully request that the Court deny Plaintiffs' Motion. Defendants respectfully request that this Court admit the experts' reports and the exhibits; in addition, allowing Mr. Martin to appear to give his expert opinion in this case, and provide any other relief this Court deems just and proper.

WILLIS LAW

Dated: February 1, 2013

By: /s/ Shaun Patrick Willis
Shaun Patrick Willis (P62441)
spwillis@willislawyers.com
491 West South Street
Kalamazoo, Michigan 49007
Tele: (269) 492-1040
*Attorneys for Defendants Tom Scott, d/b/a T.A. Scott Construction, and Don Chapman*

Willis Law
ATTORNEYS & COUNSELORS
491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM