UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARLA M. BRUEMMER and
DESIGN EVOLUTIONS, INC.,

      Plaintiffs,

v.

TOM SCOTT d/b/a T.A. SCOTT
CONSTRUCTION, INC. and
DON CHAPMAN,

      Defendants.
                                     /

File No. 1:11-CV-988

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter is before the Court on Plaintiffs' motion to alter or amend judgment based on an allegedly inconsistent jury verdict. (Dkt. No. 113.)

The jury in this copyright infringement case returned a verdict in favor of Plaintiffs and against Defendant Chapman in the amount of $5,600, and a verdict of "no cause" in favor of Defendant Tom Scott, d/b/a T.A. Scott Construction, Inc. (Dkt. No. 109, Verdict; Dkt. No. 110, J.) Plaintiffs contend that it was inconsistent for the jury to find that the designer infringed, but that the builder did not. Plaintiffs request the Court to amend the judgment to find Defendant Scott responsible for infringement and to award $77,565.01, Defendant Scott's profit from the infringement, as damages. In the alternative, Plaintiffs request the Court to grant a new trial on all issues.

Plaintiffs' motion will be denied. As a preliminary matter, Plaintiffs waived the right to challenge the verdict by failing to raise the issue of inconsistency before the jury was excused. *See Nolfi v. Oh. Ky. Oil Corp.*, 675 F.3d 538, 551 (6th Cir. 2012) (affirming the finding that the plaintiffs waived their right to challenge the verdict as inconsistent because they did not move under Rule 49(b) to have the jury further consider its answers); *Radvansky v. City of Olmsted Falls*, 496 F.3d 609, 618 (6th Cir. 2007) (holding that the purpose of requiring a party to make its Rule 49(b) objection prior to the discharge of the jury is to allow the original jury to eliminate any inconsistencies without the need to present the evidence to a new jury). Moreover, even if the issue of inconsistent verdicts is properly before this Court, Plaintiffs' motion must be denied for lack of merit.

"[A] district court may alter a judgment under Rule 59 based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Nolfi*, 675 F.3d at 551-52 (citing *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)). Plaintiffs contend that the judgment in this case should be amended because of a clear error of law and a need to prevent manifest injustice.

Plaintiffs' alleged error of law is based on this Court's answer to a jury question. During deliberations the jury asked: "If it is reasonable to infer that an individual knowingly creates (or has created) a structure based on an infringed copyright, should said individual

be held liable?" The Court responded: "Please review jury instructions 17.3[1] and 17.13[2]."

Plaintiffs contend that the jury was looking for an instruction "that a building can be an

---

[1]Instruction 17.3 provided as follows:

Copyright law allows the author of an original work to prevent others from copying the way or form the author used to express the ideas in the author's work. Only the particular expression of an idea can be copyrighted. Copyright law does not give the author the right to prevent others from copying or using the underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles or discoveries.
 The right to exclude others from copying extends only to how the author expressed the ideas in the copyrighted work. The copyright is not violated when someone uses an idea from a copyrighted work, as long as the particular expression of that idea in the work is not copied.

[2]Instruction 17.13 provided as follows:

A copyright owner is entitled to exclude others from creating derivative works based upon the owner's copyrighted work. The term derivative work refers to a work based on one or more pre-existing works, such as a reproduction, abridgement, condensation, or any other form in which the pre-existing work is recast, transformed, or adapted. Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming or adapting the copyrighted work without the owner's permission.
 If the copyright owner exercises the right to create or allow others to create a derivative work based upon the copyrighted work, this derivative work may also be copyrighted. Only what was newly created, such as the editorial revisions, annotations, elaborations, or other modifications to the pre-existing work, is considered to be the derivative work.
 Copyright protection of a derivative work covers only the contribution made by the author of the derivative work. If the derivative work incorporates pre-existing work by others, or work in the public domain, the derivative author's protection is limited to elements added by the derivative author to the pre-existing work.
 The owner of a derivative work may enforce the right to exclude others in an action for copyright infringement.

infringement of a copyright," and that because the Court did not clearly instruct that a building can be an infringement of a copyright, the jury was improperly left to speculate on the law.

Plaintiffs have not shown a clear error of law. First, Plaintiffs do not contend that the Court misstated the law. Second, it is presumptuous for Plaintiffs to suggest that they know what the jury wanted in response to the question. Third, Plaintiffs approved the Court's jury instructions as well as the Court's response to this jury question. Fourth, the jury instructions taken as a whole, together with the manner in which the case was tried, adequately informed the jury that a building can be an infringement of a copyright.

In the alternative, Plaintiffs contend that because the jury found that Chapman infringed, and because it was uncontested that Scott used Chapman's plans to build the home, the finding that Scott did not infringe is manifestly unjust.

Where the alleged manifest injustice is based on inconsistencies in a jury verdict, the court has an "obligation to attempt to reconcile the alleged inconsistent jury verdicts." *Frohmuth v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 101 F. App'x 56, 59 (6th Cir. 2004); *see also Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines. Ltd.*, 369 U.S. 355, 364 (1962) ("Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way."); *Morales v. Am. Honda Motor Co., Inc.*, 151 F.3d 500, 509 (6th Cir. 1998) ("When faced with a claim that a verdict is inconsistent, 'we look for a reasonable way to read the answers to interrogatories as

4

expressing a coherent and reasonable view of the case.'" (quoting *Tipton v. Michelin Tire Co.*, 101 F.3d 1145, 1148 (6th Cir.1996))).

There are many ways to reconcile the jury's finding of infringement as to Chapman but not as to Scott. The evidence included substantial testimony and exhibits comparing Plaintiffs' drawings to Dunn's drawings, Chapman's drawings, other constructed homes, and to the house that was finally constructed by Scott on behalf of the Reardons. There are any number of explanations that might account for the jury's conclusion that Scott's construction did not infringe. The jury may have concluded that Scott's construction differed substantially from the Chapman design such that there was no infringement. The jury may have found that the homeowners were entitled under their unwritten contract with Plaintiffs to use the work they paid for to build one home. The jury may have found that Scott ultimately relied on something other than the Chapman design to build the home. Any one of these explanations would support the verdict. There is no inherent inconsistency or manifest injustice in allowing this verdict to stand.

In the alternative, Plaintiffs have requested a new trial. The Court is authorized to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). According to the Sixth Circuit:

> a new trial is warranted when a jury has reached a "seriously erroneous result" as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias.

*Chiaverini, Inc. v. Frenchie's Fine Jewelry, Coins & Stamps, Inc.*, 345 F. App'x 58, 60-61

(6th Cir. 2009) (quoting *Holmes v. City of Massillon*, 78 F.3d 1041, 1045-46 (6th Cir. 1996)).

There is no need for a new trial. The Court is not convinced that the jury reached a "seriously erroneous result." Plaintiffs had their day in court. The verdict was not against the weight of the evidence and there is no showing that the trial was unfair to Plaintiffs. Plaintiffs were not prevented from arguing their theory of the case, and the jury instructions largely mirrored those requested by Plaintiffs. Finally, the Court was impressed with the exceptional education, intelligence, and thoughtfulness of the jury that was empaneled to hear this case. For all these reasons, Plaintiffs' motion to alter or amend judgment or for new trial (Dkt. No. 113) will be denied.

An order consistent with this opinion will be entered.


Dated: <u>April 10, 2013</u>                           <u>/s/ Robert Holmes Bell</u>
                                                       ROBERT HOLMES BELL
                                                       UNITED STATES DISTRICT JUDGE