UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLA M. BRUEMMER and
DESIGN EVOLUTIONS, INC.,

       Plaintiffs,

v.

TOM SCOTT d/b/a T.A. SCOTT
CONSTRUCTION, INC. and
DON CHAPMAN,

       Defendants.
_____/

File No.  1:11-CV-988

HON. ROBERT HOLMES BELL

# O P I N I O N

This matter comes before the Court on Plaintiffs' motion for attorney fees. (Dkt. No. 121.) Defendant requests that Plaintiffs' motion be dismissed for failure to comply with Rule 54 of the Federal Rules of Civil Procedure and that Plaintiffs be sanctioned for filing a frivolous motion. For the reasons that follow, Plaintiffs' motion will be denied and Defendant's request for sanctions will be denied.

## I.

On February 13, 2013, the jury entered a verdict of $5,600 in favor of Plaintiffs and against Defendant Don Chapman for copyright infringement. (Dkt. No. 109). Plaintiffs have filed a motion for attorney's fees for 340.35 hours of actual attorney time devoted to this case and costs of $4,196.56. (Dkt. No. 121, O'Connor Aff.)

Motions for costs and attorney's fees are governed by Rule 54 of the Federal Rules

of Civil Procedure. Rule 54(d)(2)(B) states that, "[u]nless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after the entry of the judgment." The Copyright Act does not provide a time frame for filing a motion for attorney's fees. *See* 17 U.S.C. § 505. Therefore, Rule 54(b)(2)(B)'s 14-day time period applies to the present motion.

Judgment was entered on February 14, 2013. (Dkt. No. 110.) On March 14, 2013, Plaintiffs filed a Rule 59 motion to alter or amend judgment or for new trial. (Dkt. No. 113.) The filing of a Rule 59 motion alters the time for filing a Rule 54(d)(2) motion for attorney fees. *Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685, 689 (6th Cir. 2005). A Rule 54(d)(2) motion is timely if filed no later than 14 days after the resolution of a Rule 59 motion. *Id.* Plaintiffs' Rule 59 motion was denied on April 10, 2013. (Dkt. No. 118.) Accordingly, Plaintiffs were required to file their Rule 54(d)(2) motion no later than April 24, 2013. Plaintiffs did not file their motion for attorney fees until August 7, 2013. (Dkt. No. 121.)

Plaintiffs assert that they filed their motion for attorney's fees "within 14 days after the Court of Appeals Order became final under FRCP 54(d)(2)." (Dkt. No. 121, Pl.'s Mot. ¶ 6.) Plaintiffs imply that the time for filing their Rule 54(d)(2) motion was altered by virtue of their filing of an appeal. That is not the case. The Advisory Committee Notes to Rule 54 specifically provide that "[a] notice of appeal does not extend the time for filing a fee claim based on the initial judgment . . . ." Fed. R. Civ. P. 54, Advisory Committee Notes, 1993 Amendments. That is because one of the purposes of the 14-day time limit is "to assure that

2

the opposing party is informed of the claim before the time for appeal has elapsed." *Id.*

Rule 54(d)(2)(B)'s 14-day time limit is mandatory, and a late filing is only permitted if the movant requests an enlargement of time within the 14-day period or demonstrates excusable neglect under Rule 6(b)(1)(B). *Allen v. Murph*, 194 F.3d 722, 723-24 (6th Cir.1999); *Dillard v. Inalfa Roof Sys.*, No. 05-CV-72621, 2006 WL 3206079, at *2 (E.D. Mich. Nov. 3, 2006). Plaintiffs did not request an enlargement of time to file their motion for attorney's fees within the 14-day period. Neither have they attempted to demonstrate excusable neglect.

Inadvertence, ignorance of the rules, or mistakes construing the rules may constitute neglect, but they do not usually constitute "excusable" neglect. *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 392 (1993). The determination of whether neglect is "excusable" is an equitable determination, taking account of all relevant circumstances including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395.

Although Defendant pointed out the untimeliness of Plaintiffs' motion, Plaintiffs have not attempted to explain or excuse their delay in filing their motion for attorney fees. Accordingly, the Court has no basis for finding excusable neglect. Because Plaintiffs' motion is untimely and because Plaintiffs have not shown excusable neglect, their motion for attorney's fees will be denied. *See Horne v. City of Hamilton, OH*, No. 98-3601, 1999 WL

313902, at *2 (6th Cir. May 3, 1999) (vacating award of attorney's fees where motion was untimely and there was no showing of excusable neglect).

Although not necessary to the disposition of Plaintiffs' motion for attorney's fees, the Court notes that Plaintiffs' motion is also procedurally deficient because it fails to state a fair estimate of the amount sought. *See* Fed. R. Civ. P. 54(d)(2)(B)(iii) (providing that the motion for attorney's fees must "state the amount sought or provide a fair estimate of it." Plaintiffs have provided an itemization of the "actual attorney time" devoted to this case, (O'Connor Aff. ¶ 4), but they have not identified which attorneys were responsible for any of the entries, the attorneys' years of experience, their areas of practice, or their normal hourly rate. The Court's primary concern in evaluating a motion for attorney's fees is that the fee awarded by "reasonable." *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 616 (6th Cir. 2007). The burden is on the party seeking attorney's fees to document his entitlement to an award with evidence supporting not only the hours worked, but also the rates claimed. *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999). Plaintiffs have not met their burden of showing what a reasonable hourly rate would be for any of the time spent on this case.

For the reasons stated herein, Plaintiffs' motion for attorney's fees will be denied. An order consistent with this opinion will be entered.

Dated: October 21, 2013  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE